Law Offices of Daniel Reinganum
Daniel Reinganum, Esq.
615 White Horse Pike
Haddon Heights, NJ 08035
856-548-5440 / **Daniel@ReinganumLaw.com**
Attorney for Chapter 11 Debtor-in-Possession, JGA Development, LLC

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| In Re: | Case No.: | 24-16864-ABA |
|---|---|---|
| **JGA Development, LLC** | Hearing Date: | July 1, 2025 at 10:00 am |
| | Chapter 11 | |
| **Debtor(s).** | Judge: Andrew B. Altenburg, Jr. | |

**BRIEF IN SUPPORT OF MOTION FOR AN ORDER APPROVING PRIVATE SALE OF REAL ESTATE LOCATED AT 276 3RD STREET, JERSEY CITY, NJ 07302 FREE AND CLEAR OF LIENS AND OTHER INTERESTS, WITH LIENS TO ATTACH TO PROCEEDS, CONFIRMING DEBTOR'S STATUS AS A "TRUSTEE IN BANKRUPTCY" AS THAT TERMS IS USED IN N.J.S.A. 46:15-10(G), WAIVING THE RULE 6004(H) 14-DAY STAY OF EFFECTIVENESS, AND FOR RELATED RELIEF**

JGA Development, LLC seeks court authority to sell real estate located 276 3RD Street, Jersey City, NJ 07302, free and clear of liens and other interests, with liens to attach to proceeds.

This includes a request that the Court's order explicitly provide that the property is sold free and clear of successor liability and that any creditor of the debtor be enjoined from asserting successor liability against the property, the Buyer, or any subsequent Buyer.

1. **SALE OF PROPERTY FREE AND CLEAR OF LIENS AND OTHER INTERESTS, WITH LIENS TO ATTACH TO PROCEEDS**

Section § 363(f) of the Bankruptcy Code sets forth when a trustee or Debtor-in-Possession may sell property "free and clear" of liens.   Section 363(f) reads:

   The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if -

   (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

  (2) such entity consents;

  (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

  (4) such interest is in bona fide dispute; or

  (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

This section is written in the disjunctive, therefore, sale free and clear of a lien (interest in property) is permissible if any one of the five conditions are met.   In re Tabone, Inc. 175 B.R. 855 (Bank. D.N.J. 1994)(Wizmur, J.).

In this instance, Anchor Loans has advised the Debtor that they will consent to the terms of this proposed sale.   It is thus anticipated that (f)(2) ('consent') will be satisfied.

## 2. SALE FREE AND CLEAR OF CLAIMS FOR SUCCESSOR LIABILITY

The Third Circuit has adopted an expansive view of what constitutes an "interest", and accordingly, an expansive view of what claims property may be sold free and clear from.

> "[W]e find ourselves in agreement with Collier's observation that:
>
> Section 363(f) permits the bankruptcy court to authorize a sale free of "any interest" that an entity has in property of the estate. Yet the Code does not define the concept of "interest," of which the property may be sold free. Certainly a lien is a type of "interest" of which the property may be sold free and clear. This becomes apparent in reviewing section 363(f)(3), which provides for particular treatment when "such interest is a lien." Obviously there must be situations in which the interest is something other than a lien; otherwise section 363(f)(3) would not need to deal explicitly with the case in which the interest is a lien.
>
> *In re Trans World Airlines, Inc.*, 322 F.3d 283, 290 (3d Cir. 2003)    quoting 3 Collier on Bankruptcy ¶ 363.06[1].

The Third Circuit further noted that even if it concluded the claims at issue[1] were not "interests in property", that the priority scheme of the Bankruptcy Code supported the transfer of TWA's assets free and clear of the claims:

> "In the course of discussing the civil rights claims in *New England Fish,* the Bankruptcy Court applied the Supreme Court's admonition in *Nathanson v. National Labor Relations Board,* 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952), that "if one claimant of the bankrupt's estate is to be preferred over others,

---

[1] The claims at issue in that case were (1) claims for employment discrimination; and (2) travel vouchers for free airfare which were issued in connection with the settlement of a gender discrminiation lawsuit against TWA.

> `the purpose should be clear from the statute.'" *New England Fish,* 19 B.R. at 326 (quoting *Nathanson,* 344 U.S. at 29, 73 S.Ct. 80). The Court reasoned that allowing the claimants to seek a recovery from the successor entity while creditors which were accorded higher priority by the Bankruptcy Code obtained their recovery from the limited assets of the bankruptcy estate would "subvert the specific priorities which define Congressional policy for bankruptcy distribution to creditors." *New England Fish,* 19 B.R. at 329."
>
> *In re Trans World Airlines, Inc.*, 322 F.3d 283, 291-92 (3d Cir. 2003)

To permit any unsecured creditor to assert claims for successor liability on the Buyer would elevate the creditor's priority in violation of the Bankruptcy Code's distribution scheme.

11 U.S.C. §105(a) permits a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Enjoining any creditor from asserting successor liability is appropriate given that the property is to be sold free and clear from any successor liability.

### 3. EXEMPTION FROM NEW JERSEY REALTY TRANSFER TAX, N.J.S. §46:15-10(G)

N.J.S. §46:15-10(g) provides that a full exemption from the real estate transfer tax imposed by the State of New Jersey does not apply to a deed "by a receiver, trustee in bankruptcy or liquidation, or assignee for the benefit of creditors."

11 U.S.C. §1107 provides that "…a debtor in possession shall have all the rights…and powers, and shall perform all the functions and duties…of a trustee serving in a case under this chapter".

The Debtor is a debtor in possession.

The ability to claim a complete exemption from real estate transfer taxes will yield approximately $11,995    more for the Estate.

This relief is sought because in the experience of the undersigned, title companies involved in these kinds of sales are looking for an order or other official document evidencing the Debtor's status as a "trustee in bankruptcy".

Respectfully Submitted,

BY:    /s/ Daniel Reinganum
       Daniel Reinganum, Esq.

       Counsel for JGA Development, LLC