UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
Counsellors at Law
6 Campus Drive, Suite 304
Parsippany, New Jersey 07054
(973) 538-9300
Attorneys for Secured Creditor
Anchor Loans, LP
R.A. LEBRON, ESQ.
ANC-232
bankruptcy@fskslaw.com

Case No.: 24-16864 ABA

In Re:

JGA DEVELOPMENT, LLC

       Debtor(s).

Chapter: 11

Adv. No.:

Hearing Date: 11/13/2025

Judge: Hon. Andrew B. Altenburg Jr.

## OBJECTION OF ANCHOR LOANS, LP TO SECOND CHAPTER 11 PLAN OF LIQUIDATION AND SECOND DISCLOSURE STATEMENT PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE DESCRIBING THE CHAPTER 11 LIQUIDATING PLAN PROPOSED BY JGA DEVELOPMENT, LLC

Anchor Loans, LP (herein referred to as "Anchor" or "Secured Creditor"), a secured

creditor of JGA DEVELOPMENT, LLC (the "Debtor") in the above-captioned Chapter 11 case,

by and through its undersigned counsel, Fein, Such, Kahn & Shepard, P.C., respectfully submits

this Objection (the "Objection") to the Debtor's Second Disclosure Statement and Second Plan of

Reorganization Under Chapter 11 (the "Plan"). *See* ECF Nos. 256, 257. The Plan is patently

unconfirmable, as it fails to meet the requirements under 11 U.S.C. § 1129. The Plan treatment is

speculative, lacks feasibility, good faith and fair and equitable treatment. In support of the

Objection, Secured Creditor respectfully states and alleges as follows:

## I.      JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

the Standing Order of Reference from the United States District Court for the District of New

Jersey. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) including §

157(b)(2)(L). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and

1409.

## II.      THE LOAN AND FORECLOSURE HISTORY

### A.      990 Route 523, Readington, NJ 08822 [ANC-215]

On November 17, 2020, JGA DEVELOPMENT LLC, executed to ANCHOR LOANS,

LP, a Note in the sum of $288,150.00 payable on November 24, 2021, with interest at the fixed

rate of 8.000% per annum, payable by payments of $1,921.00 per month for interest only starting

January 1, 2021 and on the first day of each month thereafter, with a balloon of all outstanding

principal, accrued interest and other charges due on November 24, 2021. The Note further

provides for a late charge of 10.00 percent for any payment not received 10 days from the date

due. The Note further provides for default interest upon a term of default at a rate equal to 6%

above the contract rate specified above. The Note further provides for an "extension fee" in the

event that the loan is extended beyond the maturity date as set forth in paragraph 9 of the Note.

To secure the payment of the aforesaid obligation, JGA DEVELOPMENT LLC, executed

to ANCHOR LOANS, LP, a Mortgage of even date with said Note, and thereby conveyed to

ANCHOR LOANS, LP, in fee to the land hereinafter described, on the express condition that

such conveyance should be void if payment should be made at the time and times, and in the

manner described in said obligation. Said Mortgage was dated November 17, 2020, and recorded

in the Office of the HUNTERDON County Clerk/Register on November 23, 2020 in Mortgage

Book 4295, Page 569, et seq. This is a Purchase Money Mortgage. The note and mortgage were guaranteed by AKASH VIJAN and GOWTHAM REDDY.

Said Mortgage was assigned from ANCHOR LOANS, LP, to ANCHOR ASSETS IV, LLC, by Assignment dated February 11, 2021, and recorded on February 17, 2021, in the Office of the HUNTERDON County Clerk/Register in Assignment Book 2049, page 643, et seq. Said Mortgage was further assigned by ANCHOR ASSETS IV, LLC, to ANCHOR MORTGAGE TRUST 2021-RTL1, Plaintiff herein, by Assignment dated September 29, 2023, and recorded on October 2, 2023, in the Office of the HUNTERDON County Clerk/Register in Assignment Book 2054, page 914, et seq.

A commercial foreclosure complaint was filed in the Superior Court of New Jersey (Chancery Division - Hunterdon County) under Docket No. SWC-F-002908-24 on March 20, 2024. The foreclosure action is currently on hold due to bankruptcy.

**B.      155 Highland Avenue, Montclair, NJ 07042 [ANC-216]**

On December 2, 2020, JGA DEVELOPMENT LLC, executed to ANCHOR LOANS, LP, a Note in the sum of $1,096,200.00 payable on December 10, 2021, with interest at the fixed rate of 8.000% per annum, payable by payments of $7,308.00 per month for interest only starting February 1, 2021 and on the first day of each month thereafter, with a balloon of all outstanding principal, accrued interest and other charges due on December 10, 2021. The Note further provides for a late charge of 10.00 percent for any payment not received 10 days from the date due. The Note further provides for default interest upon a term of default at a rate equal to 6% above the contract rate specified above. The Note further provides for an "extension fee" in the event that the loan is extended beyond the maturity date as set forth in paragraph 9 of the Note.

To secure the payment of the aforesaid obligation, JGA DEVELOPMENT LLC, executed to ANCHOR LOANS, LP, a Mortgage of even date with said Note, and thereby conveyed to

ANCHOR LOANS, LP, in fee to the land hereinafter described, on the express condition that

such conveyance should be void if payment should be made at the time and times, and in the

manner described in said obligation. Said Mortgage was dated December 2, 2020 and recorded in

the Office of the ESSEX County Clerk/Register on December 16, 2020 as Instrument No.

2020126281, et seq. This is a Purchase Money Mortgage. The note and mortgage were

guaranteed by AKASH VIJAN and GOWTHAM REDDY.

Said Mortgage was assigned from ANCHOR LOANS, LP, to ANCHOR ASSETS XI,

LLC, by Assignment dated May 25, 2021, and recorded on August 12, 2021, in the Office of the

ESSEX County Clerk/Register as Instrument No. 2021099638, et seq. Said Mortgage was further

assigned by ANCHOR ASSETS XI, LLC, to RESIDENTIAL INVESTMENT TRUST IV,

Plaintiff herein, by Assignment dated April 27, 2022 and recorded on May 9, 2022 in the Office of

the ESSEX County Clerk/Register as Instrument No. 2022046039, et seq.

A commercial foreclosure complaint was filed in the Superior Court of New Jersey

(Chancery Division - Essex County) under Docket No. SWC-F-002882-24 on March 19, 2024.

The foreclosure action has been dismissed due to a private sale completed by Debtor.

### C.    82 Cooper Avenue, Montclair, NJ 07043 [ANC-217]

On March 5, 2021, JGA DEVELOPMENT LLC, executed to ANCHOR LOANS, LP, a

Note in the sum of $570,000.00 payable on March 15, 2022, with interest at the fixed rate of

8.000% per annum, payable by payments of $3,800.00 per month for interest only starting May 1,

2021, and on the first day of each month thereafter with a balloon of all outstanding principal,

accrued interest and other charges due on March 15, 2022. The Note further provides for a late

charge of 10.00 percent for any payment not received 10 days from the date due. The Note

further provides for default interest upon a term of default at a rate equal to 6% above the

contract rate specified above. The Note further provides for an "extension fee" in the event that

the loan is extended beyond the maturity date as set forth in paragraph 9 of the Note.

To secure the payment of the aforesaid obligation, JGA DEVELOPMENT LLC, executed to ANCHOR LOANS, LP, a Mortgage of even date with said Note, and thereby conveyed to ANCHOR LOANS, LP, in fee to the land hereinafter described, on the express condition that such conveyance should be void if payment should be made at the time and times, and in the manner described in said obligation. Said Mortgage was dated March 5, 2021 and recorded in the Office of the ESSEX County Clerk/Register on March 23, 2021, as INSTRUMENT NO. 2021035131, et seq. This is a Purchase Money Mortgage. The note and mortgage were guaranteed by AKASH VIJAN and GOWTHAM REDDY.

Said Mortgage was assigned from ANCHOR LOANS, LP, to ANCHOR ASSETS XVII, LLC, by Assignment dated March 26, 2021, and recorded on May 12, 2021, in the Office of the ESSEX County Clerk/Register, as INSTRUMENT NO. 2021060219, et seq. Said Mortgage was further assigned by ANCHOR ASSETS XVII, LLC, to ANCHOR LOANS, LP by Assignment dated May 3, 2021 and recorded on May 28, 2021 in the Office of the ESSEX County Clerk/Register as INSTRUMENT NO. 2021067873, et seq. Said Mortgage was then assigned by ANCHOR LOANS, LP, to ANCHOR ASSETS XI, LLC by Assignment dated May 3, 2021, and recorded on July 2, 2021, in the Office of the ESSEX County Clerk/Register as INSTRUMENT NO. 2021080810, et seq. Said Mortgage was then further assigned by ANCHOR ASSETS XI, LLC, to RESIDENTIAL INVESTMENT TRUST IV, Plaintiff herein, by Assignment dated April 27, 2022 and recorded on May 6, 2022 in the Office of the ESSEX County Clerk/Register, as INSTRUMENT NO. 2022045508.

A commercial foreclosure complaint was filed in the Superior Court of New Jersey (Chancery Division - Essex County) under Docket No. SWC-F-002881-24 on March 19, 2024. The foreclosure action has been dismissed due to a private sale completed by Debtor.

**D.    219 York Street, Jersey City, NJ 07302 [ANC-218]**

On January 29, 2021, JGA DEVELOPMENT LLC, executed to ANCHOR LOANS, LP, a Note in the sum of $1,275,000.00 payable on February 9, 2022, with interest at the fixed rate of 8.000% per annum, payable by payments of $8,500.00 per month for interest only starting May 1, 2021, and on the first day of each month thereafter with a balloon of all outstanding principal, accrued interest and other charges due on February 9, 2022. The Note further provides for a late charge of 10.00 percent for any payment not received 10 days from the date due. The Note further provides for default interest upon a term of default at a rate equal to 6% above the contract rate specified above. The Note further provides for an "extension fee" in the event that the loan is extended beyond the maturity date as set forth in paragraph 9 of the Note.

To secure the payment of the aforesaid obligation, JGA DEVELOPMENT LLC, executed to ANCHOR LOANS, LP, a Mortgage of even date with said Note, and thereby conveyed to ANCHOR LOANS, LP, in fee to the land hereinafter described, on the express condition that such conveyance should be void if payment should be made at the time and times, and in the manner described in said obligation. Said Mortgage was dated January 29, 2021, and recorded in the Office of the HUDSON County Clerk/Register on May 19, 2021 in Mortgage Book 19936, Page 145, et seq. This is a Purchase Money Mortgage. The note and mortgage were guaranteed by AKASH VIJAN and GOWTHAM REDDY.

Said Mortgage was assigned from ANCHOR LOANS, LP, to ANCHOR ASSETS XVII, LLC, by Assignment dated March 17, 2021, and recorded on August 9, 2021, in the Office of the HUDSON County Clerk/Register in Assignment Book 1267, page 561, et seq. Said Mortgage was further assigned by ANCHOR ASSETS XVII, LLC, to RESIDENTIAL INVESTMENT TRUST IV, Plaintiff herein, by Assignment dated April 11, 2022, and recorded on June 29, 2022, in the Office of the HUDSON County Clerk/Register in Assignment Book 1275, page 511, et seq.

A commercial foreclosure complaint was filed in the Superior Court of New Jersey (Chancery Division - Hudson County) under Docket No. SWC-F-002879-24 on March 19, 2024. The foreclosure action has been dismissed due to a private sale completed by Debtor.

**E.        276 Third Street, Jersey City, NJ 07302 [ANC-221]**

On July 12, 2021, JGA DEVELOPMENT, LLC, executed to ANCHOR LOANS, LP, a Note in the sum of $2,362,500.00 payable on August 2, 2022, with interest at the fixed rate of 8.000% per annum, payable by payments of $15,750.00 per month for interest only starting September 1, 2021, and the first day of each month thereafter with a balloon of all outstanding principal, accrued interest and other charges due on August 2, 2022. The Note further provides for a late charge of 10.00 percent for any payment not received 10 days from the date due. The Note further provides for default interest upon a term of default at a rate equal to 6% above the contract rate specified above. The Note further provides for an "extension fee" in the event that the loan is extended beyond the maturity date as set forth in paragraph 9 of the Note.

To secure the payment of the aforesaid obligation, JGA DEVELOPMENT, LLC, executed to ANCHOR LOANS, LP, a Mortgage of even date with said Note, and thereby conveyed to ANCHOR LOANS, LP, in fee to the land hereinafter described, on the express condition that such conveyance should be void if payment should be made at the time and times, and in the manner described in said obligation. Said Mortgage was dated July 12, 2021, and recorded in the Office of the HUDSON County Clerk/Register on September 11, 2021 in Mortgage Book 20058, Page 49, et seq. This is a Purchase Money Mortgage. The note and mortgage were guaranteed by AKASH VIJAN and GOWTHAM REDDY.

Said Mortgage was assigned from ANCHOR LOANS, LP, to RESIDENTIAL INVESTMENT TRUST IV, Plaintiff herein, by Assignment dated April 13, 2022 and recorded on June 19, 2022 in the Office of the HUDSON County Clerk/Register in Assignment Book

1275, page 259, et seq.

A commercial foreclosure complaint was filed in the Superior Court of New Jersey

(Chancery Division - Hudson County) under Docket No. SWC-F-002845-24 on March 19, 2024.

The foreclosure action has been dismissed due to a private sale completed by Debtor.

**F.    289 Amherst Street, East Orange, NJ 07018 [ANC-222]**

On July 9, 2021, JGA DEVELOPMENT, LLC, executed to ANCHOR LOANS, LP, a

Note in the sum of $360,000.00 payable on July 19, 2022, with interest at the fixed rate of

7.500% per annum, payable by payments of $2,250.00 per month for interest only starting

September 1, 2021, and on the first day of each month thereafter with a balloon of all outstanding

principal, accrued interest and other charges due on July 19, 2022. The Note further provides for

a late charge of 10.00 percent for any payment not received 10 days from the date due. The Note

further provides for default interest upon a term of default at a rate equal to 6% above the

contract rate specified above. The Note further provides for an "extension fee" in the event that

the loan is extended beyond the maturity date as set forth in paragraph 9 of the Note.

To secure the payment of the aforesaid obligation, JGA DEVELOPMENT, LLC,

executed to ANCHOR LOANS, LP, a Mortgage of even date with said Note, and thereby

conveyed to ANCHOR LOANS, LP, in fee to the land hereinafter described, on the express

condition that such conveyance should be void if payment should be made at the time and times,

and in the manner described in said obligation. Said Mortgage was dated July 9, 2021, and

recorded in the Office of the ESSEX County Clerk/Register on July 21, 2021, as Instrument No.

2021088774, et seq. This is a Non-Purchase Money Mortgage. The note and mortgage were

guaranteed by AKASH VIJAN and GOWTHAM REDDY.

Said Mortgage was assigned from ANCHOR LOANS, LP, to ANCHOR ASSETS XIV,

LLC, by Assignment dated July 20, 2021, and recorded on November 15, 2021. Said Mortgage

was further assigned by ANCHOR ASSETS XIV, LLC, to RESIDENTIAL INVESTMENT

TRUST IV, Plaintiff herein, by Assignment dated April 26, 2022 and recorded on June 28, 2022.

Said Mortgage was then further assigned by ANCHOR ASSETS XIV, LLC, to RESIDENTIAL

INVESTMENT TRUST IV, Plaintiff herein, by Duplicate Assignment dated April 26, 2022 and

recorded on June 28, 2022.

A commercial foreclosure complaint was filed in the Superior Court of New Jersey

(Chancery Division - Essex County) under Docket No. SWC-F-002849-24 on March 19, 2024.

The foreclosure action is currently on hold due to bankruptcy.

### G.    764-72 Belvidere Avenue..., Plainfield, NJ 07062 [ANC-223]

On November 22, 2021, JGA DEVELOPMENT LLC, executed to ANCHOR LOANS,

LP, a Note in the sum of $4,213,428.00 payable on December 15, 2022, with interest at the fixed

rate of 7.500% per annum, payable by payments of $26,333.93 for interest only starting February

1, 2022 and on the first day of each month thereafter, with a balloon of all outstanding principal,

accrued interest and other charges due on December 15, 2022. The Note further provides for a

late charge of 10.00 percent for any payment not received 10 days from the date due. The Note

further provides for default interest upon a term of default at a rate equal to 6% above the

contract rate specified above. The Note further provides for an "extension fee" in the event that

the loan is extended beyond the maturity date as set forth in paragraph 9 of the Note.

To secure the payment of the aforesaid obligation, JGA DEVELOPMENT LLC, executed

to ANCHOR LOANS, LP, a Mortgage of even date with said Note, and thereby conveyed to

ANCHOR LOANS, LP, in fee to the land hereinafter described, on the express condition that

such conveyance should be void if payment should be made at the time and times, and in the

manner described in said obligation. Said Mortgage was dated November 22, 2021, and recorded

in the Office of the UNION County Clerk/Register on January 26, 2022 in Mortgage Book

15152, Page 0011, et seq. This is a Purchase Money Mortgage securing the following properties:

1.  1320 East Henry Street, Linden, NJ 07036 (Parcel 1);
2.  *764-72 Belvidere Avenue, Plainfield, NJ 07062 (Parcel 2);*
3.  614-34 West 8th Street, Plainfield, NJ 07060 (Parcel 3);
4.  18 Atlantic Street, Elizabeth, NJ 07206 (Parcel 4);
5.  634 South Broad Street Unit C2, Elizabeth, NJ 07Z02 (Parcel 5);
6.  120-126 Westfield Avenue Unit 3B, Elizabeth, NJ 07208 (Parcel 6);
7.  324 South Spring Street, Elizabeth, NJ 07201 (Parcel 7);
8.  14-20 Jacques Street #6, Elizabeth, NJ 07201 (Parcel 8);
9.  723-25 East 6th Street, Plainfield, NJ 07062 (Parcel 9);
10. 429-35 Parkside Road, Plainfield, NJ 07060 (Parcel 10);
11. 1214-18 Denmark Road, Plainfield, NJ 07062 (Parcel 11);
12. 811 & 815 Essex Avenue, Linden, NJ 07036 (Parcel 12); and
13. 1057 Lafayette Street, Elizabeth, NJ 07201 (Parcel 13)

The note and mortgage were guaranteed by AKASH VIJAN and GOWTHAM REDDY.

Said Mortgage was assigned from ANCHOR LOANS, LP, to ANCHOR ASSETS II, LLC, by Assignment dated December 28, 2021, and recorded on February 28, 2022, in the Office of the UNION County Clerk/Register in Assignment Book 1479, page 2553, et seq. Said Mortgage was then further assigned by ANCHOR ASSETS II, LLC, to RESIDENTIAL INVESTMENT TRUST IV, Plaintiff herein, by Assignment dated April 4, 2022 and recorded on May 3, 2022 in the Office of the UNION County Clerk/Register in Assignment Book 1481, page 2119, et seq.

A commercial foreclosure complaint was filed in the Superior Court of New Jersey (Chancery Division - Union County) under Docket No. SWC-F-002816-24 on March 18, 2024. The foreclosure action has been dismissed due to a private sale completed by Debtor.

**H.    36 East Grand Avenue, Building D #22, Rahway, NJ 07065 [ANC-226]**

On November 22, 2021, JGA DEVELOPMENT LLC, executed to ANCHOR LOANS, LP, a Note in the sum of $1,451,437.00 payable on December 15, 2022, with interest at the fixed rate of 7.500% per annum, payable by payments of $9,071.48 per month for interest only starting February 1, 2022 and on the first day of each month thereafter, with a balloon of all outstanding

principal, accrued interest and other charges due on December 15, 2022. The Note further

provides for a late charge of 10.00 percent for any payment not received 10 days from the date

due. The Note further provides for default interest upon a term of default at a rate equal to 6%

above the contract rate specified above. The Note further provides for an "extension fee" in the

event that the loan is extended beyond the maturity date as set forth in paragraph 9 of the Note.

To secure the payment of the aforesaid obligation, JGA DEVELOPMENT LLC, executed

to ANCHOR LOANS, LP, a Mortgage of even date with said Note, and thereby conveyed to

ANCHOR LOANS, LP, in fee to the land hereinafter described, on the express condition that

such conveyance should be void if payment should be made at the time and times, and in the

manner described in said obligation. Said Mortgage was dated November 22, 2021, and recorded

in the Office of the UNION County Clerk/Register on January 21, 2022 in Mortgage Book

15148, Page 263, et seq. This is a Purchase Money Mortgage securing the following properties:

1.    1342-44 West 3rd Street, Plainfield, NJ 07063 (Parcel 1);
2.    249 Central Avenue, Rahway, NJ 07065 (Parcel 2);
3.    *36 East Grand Avenue, Building D#22, Rahway, NJ 07065 (Parcel 3)*;
4.    154 East 7th Avenue, Roselle, NJ 07203 (Parcel 4); and
5.    151 Monroe Street, Rahway, NJ 07065 (Parcel 5).

The note and mortgage were guaranteed by AKASH VIJAN and GOWTHAM REDDY.

Said Mortgage was assigned from ANCHOR LOANS, LP, to ANCHOR ASSETS XVII,

LLC, by Assignment dated December 28, 2021, and recorded on February 22, 2022, in the Office

of the UNION County Clerk/Register in Assignment Book AB1479, page 2283, et seq. Said

Mortgage was then further assigned by ANCHOR ASSETS XVII, LLC, to RESIDENTIAL

INVESTMENT TRUST IV, Plaintiff herein, by Assignment dated April 4, 2022, and recorded on

June 30, 2022, in the Office of the UNION County Clerk/Register in Assignment Book AB1482,

page 2562, et seq.

A commercial foreclosure complaint was filed in the Superior Court of New Jersey

(Chancery Division - Union County) under Docket No. SWC-F-002848-24 on March 19, 2024.

The foreclosure action is currently on hold due to bankruptcy.

### I.    5 Cherryville-Stanton Road, Raritan, NJ 08822 [ANC-227]

On September 25, 2020, JGA DEVELOPMENT LLC, executed to ANCHOR LOANS,
LP, a Note in the sum of $280,563.00 payable on October 2, 2021, with interest at the fixed rate
of 8.000% per annum, payable by payments of $1,870.42 per month for interest only starting
November 1, 2020 and on the first day of each month thereafter, with a balloon of all outstanding
principal, accrued interest and other charges due on October 2, 2021. The Note further provides
for a late charge of 10.00 percent for any payment not received 10 days from the date due. The
Note further provides for default interest upon a term of default at a rate equal to 6% above the
contract rate specified above. The Note further provides for an "extension fee" in the event that
the loan is extended beyond the maturity date as set forth in paragraph 9 of the Note.

To secure the payment of the aforesaid obligation, JGA DEVELOPMENT LLC, executed
to ANCHOR LOANS, LP, a Mortgage of even date with said Note, and thereby conveyed to
ANCHOR LOANS, LP, in fee to the land hereinafter described, on the express condition that
such conveyance should be void if payment should be made at the time and times, and in the
manner described in said obligation. Said Mortgage was dated September 25, 2020, and recorded
in the Office of the HUNTERDON County Clerk/Register on October 8, 2020, in Mortgage
Book 4275, Page 601, et seq. This is a Purchase Money Mortgage. The note and mortgage were
guaranteed by AKASH VIJAN and GOWTHAM REDDY.

Said Mortgage was assigned from ANCHOR LOANS, LP, to ANCHOR ASSETS XIV,
LLC, by Assignment dated March 16, 2021, and recorded on May 6, 2021, in the Office of the
HUNTERDON County Clerk/Register in Assignment Book 2050, page 214, et seq. Said
Mortgage was further assigned by ANCHOR ASSETS XIV, LLC, to RESIDENTIAL

INVESTMENT TRUST IV, Plaintiff herein, by Assignment dated April 26, 2022 and recorded

on June 23, 2022 in the Office of the HUNTERDON County Clerk/Register in Assignment Book

2052, page 709, et seq.

A commercial foreclosure complaint was filed in the Superior Court of New Jersey

(Chancery Division - Hunterdon County) under Docket No. SWC-F-002911-24 on March 20,

2024. The foreclosure action is currently on hold due to bankruptcy.

## III.    THE BANKRUPTCY CASE

On July 9, 2024, JGA DEVELOPMENT LLC ("Debtor") filed the instant bankruptcy

matter, Chapter 11 Case 24-16864 ABA. *See* ECF 1. The 341(a) Meeting of Creditors was held

on September 6, 2024. Per the bankruptcy docket, the deadline to file claims, also known as the

bar date, was September 17, 2024. Anchor filed claims on the aforementioned properties prior to

the expiration of the bar date. *See* Claims Register.

On August 19, 2024, Debtor filed a Motion to Approve Sale of Real Property (155

Highland Avenue, Montclair, NJ 07042) Free and Clear of Liens under Section 363(f). *See* ECF

53. On October 1, 2024, an Order granting Motion to Approve Sale of Real Property (155

Highland Avenue, Montclair, NJ 07042) Free and Clear of Liens under Section 363(f) was

entered. *See* ECF 100. The sale was subsequently completed.

On August 27, 2024, Debtor filed a Motion to Approve Sale of Real Property (82 Cooper

Avenue, Montclair, NJ 07043) Free and Clear of Liens under Section 363(f). *See* ECF 65. On

October 11, 2024, an Order granting Motion to Approve Sale of Real Property (82 Cooper

Avenue, Montclair, NJ 07043) Free and Clear of Liens under Section 363(f) was entered. *See*

ECF 108. The sale was subsequently completed.

On February 11, 2025, Debtor filed a Motion to Approve Sale of Real Property (764

Belvidere Avenue, Plainfield City, NJ 07062) Free and Clear of Liens under Section 363(f). *See*
ECF 160. On March 26, 2025, an Order Authorizing Private Sale of Real Estate Located at 764
Belvidere Avenue, Plainfield City, New Jersey Confirming Debtor's Status as a "Trustee in
Bankruptcy" as that Term is Used in N.J.S.A. 46:15-10(g), and For Related Relief was entered.
*See* ECF 183. The sale was subsequently completed.

On May 27, 2025, Debtor filed a Motion to Approve Sale of Real Property (219 York
Street, Jersey City, NJ 07302) Free and Clear of Liens under Section 363(f). *See* ECF 210. On
July 11, 2025, an Order Approving Private Sale of Real Estate Located at 219 York Street, Jersey
City, NJ 07043 Free and Clear of Liens with Liens to Attach to proceeds, Confirming Debtor's
Status as a "Trustee in Bankruptcy" as that Term is Used in N.J.S.A. 46:15-10(g), Waiving the
Rule 6004(H) 14-Day Stay of Effectiveness, and for Related Relief was entered. *See* ECF 225.
The sale was subsequently completed.

On June 3, 2025, Debtor filed a Motion to Approve Sale of Real Property (276 Third
Street, Jersey City, NJ 07302) Free and Clear of Liens under Section 363(f). *See* ECF 215. On
July 1, 2025, an Order Approving Private Sale of Real Estate Located at 276 3rd Street, Jersey
City, NJ 07302 Free and Clear of Liens with Liens to Attach to Proceeds, Confirming Debtors
Status as a Trustee in Bankruptcy as That Term Is Used in N.J.S.A. 46:15-10(g), Waiving the
Rule 6004(h) 14-day Stay of Effectiveness, and for Related Relief was entered. *See* ECF 220. The
sale was subsequently completed.

A Motion for an Order Authorizing Debtor to Obtain Credit Pursuant to 11 U.S.C. § 364
and for Related Relief was filed by Debtor on February 12, 2025. *See* ECF 152. After objections
were filed and multiple adjournments, the matter was withdrawn on May 13, 2025. *See* ECF.

Secured Creditor has filed multiple Motions for Relief from Stay (the "Motions") in this
matter. *See* ECF 185, 186, 190, 191, 192. The Motions were filed for lack of adequate protection

compromising mostly of failure to offer adequate protection payments, failure to pay taxes and/or insurance, failure to maintain adequate insurance and for lack of equity necessary for an effective reorganization.  Upon completions of sale, the motions for the following properties were withdrawn: (1) 219 York Street, Jersey City, NJ 07302; and (2) 276 Third Street, Jersey City, NJ 07302. *See* ECF 227, 238. At present, motions for relief remain pending on the following properties: (1) 990 Route 523, Readington, NJ 08822; (2) 289 Amherst Street, East Orange, NJ 07018; and (3) 36 East Grand Avenue, Building D #22, Rahway, NJ 07065.

Due to the pending expiration of the exclusivity period at the time, Debtor filed a motion to extend the deadline on November 4, 2024. *See* ECF 128. The motion was granted and an order extending the deadline was entered on November 26, 2024. *See* ECF 138. The First Plan and First Disclosure Statement were both filed on August 27, 2025. *See* ECF 235, 236. The Second Plan and Second Disclosure Statement were both filed on October 8, 2025. *See* ECF 256, 257. An Order and Notice on the Second Disclosure Statement was entered on October 8, 2025. *See* ECF 258. Per the notice, the hearing on the adequacy of the Disclosure Statement shall be held on November 13, 2025 with an objection deadline of October 30, 2025.

## IV.    THE BANKRUPTCY PLAN

The Plan lists Anchor as Impaired and under Class 1, 2, 3, 4 and 7. More specifically, the Plan states: "Refinance to occur on or before sixty (60) days after the Effective Date. If refinance does not occur on or before sixty (60) days after the Effective Date, then on or before ninety (90) days after the Effective Date, the Debtor must file a modified Chapter 11 plan to address Class 1, 2, 3, and 4's secured claims. Creditor shall retain their lien until the property has been refinanced. To the extent creditor agrees to accept a short payoff, any remaining balance shall be treated as a general unsecured debt." For 5 Cherryville-Stanton Road, Flemington, NJ 08822, the Debtor lists

the approximate amount owed as $450,000.00 and the Fair Market Value as $380,000.00. For

289 Amherst Street, East Orange, NJ 07018, the Debtor lists the approximate amount owed as

$320,000.00 and the Fair Market Value as $320,000.00. For 990 Route 523, Readington

Township (Flemington), NJ, the Debtor lists the approximate amount owed as $340,000.00 and

the Fair Market Value as $300,000.00. Finally, for 36 East Grand, Building D, Unit 22, Rahway,

NJ 07065, the Debtor lists the approximate amount owed as $300,000.00 and the Fair Market

Value as $420,000.00. Class 7 represents treatment of general unsecured claims which Debtor

states the treatment as follows:

> "Within one (1) year of confirmation, the Debtor will finish
> rehabilitation and sale of the four (4) properties noted above.
> Within sixty (60) days of the final sale, the Debtor shall distribute
> all available funds on hand to general unsecured creditors on a pro
> rata basis. The remaining balance will be distributed pro rata to all
> general unsecured claim holders. The Debtor projects that there will
> be approximately $1,141,032 available for distribution, which will
> result in a distribution of approximately 9.34% to general unsecured
> claimants[.]"

The Plan states that it will be funded with a combination of the Debtor's cash on hand and

sale of the remaining four (4) properties. Further, that Gowtham Reddy ("Reddy") shall continue

to be the post-confirmation manager of the Debtor. The Debtor shall act as disbursing agent for

purpose of making all distributions provided for in the Plan. The Disbursing Agent shall serve

without bond and shall be reimbursed for actual out-of-pocket expenses incurred in making the

distribution. Upon confirmation, the properties will revest in the Debtor.


## V.    ARGUMENT

### A.    Standard of Review.

The standards governing confirmation of a plan of reorganization are set forth in 11

U.S.C. § 1129. The proponent of a Chapter 11 plan bears the burden of proving that the plan

satisfies each of the statutory requirements set forth in Section 1129(a). *See* <u>In re Kemp</u>, 134 B.R.

413 (Bankr. E.D. Cal. 1991); <u>In re Revco D.S., Inc.</u>, 131 B.R. 615, 620 (Bankr. N.D. Ohio

1990); <u>In re Rusty Jones, Inc.</u>, 110 B.R. 362, 373 (Bankr. N.D. Ill. 1990); <u>In re Texaco, Inc.</u>, 84

B.R. 889, 891 (Bankr. S.D. N.Y. 1988). *See also*, <u>In re Greate Bay Hotel & Casino, Inc.</u>, 251

B.R. 213, 220 (Bankr. D.N.J. 2000); <u>In re Genesis Health Ventures, Inc.</u>, 266 B.R. 591, 599

(Bankr. D. Del. 2001). If the debtor fails to carry its burden as to any one of the confirmation

requirements, confirmation must be denied. The burden cannot be deemed satisfied.

### B.    The Plan Lacks Feasibility.

Anchor is an impaired creditor and is entitled to vote under separate classes. Section 1129

provides:

(a) The court shall confirm a plan only if all of the following requirements are met:
...
(3) The plan has been proposed in good faith and not by any means forbidden by
law.
...
(7) With respect to each impaired class of claims or interests-
(A) each holder of a claim or interest of such class-
(i) has accepted the plan; or
(ii) will receive or retain under the plan on account of such claim or
interest property of a value, as of the effective date of the plan, that
is not less than the amount that such holder would so receive or
retain if the debtor were liquidated under chapter 7 of this title on
such date; or
...
(8) With respect to each class of claims or interests-
(A) such class has accepted the plan; or
(B) such class is not impaired under the plan.
...
(10) If a class of claims is impaired under the plan, at least one class of claims that
is impaired under the plan has accepted the plan, determined without including any
acceptance of the plan by any insider.
(11) Confirmation of the plan is not likely to be followed by the liquidation, or the
need for further financial reorganization, of the debtor or any successor to the
debtor under the plan, unless such liquidation or reorganization is proposed in the
plan.

11 U.S.C. § 1129. Anchor rejects the Plan for lack of feasibility and for lack of fair and equitable

treatment. If a proposed plan does not have unanimous consent, a court may confirm the plan

under 11 U.S.C. § 1129(b) if it otherwise meets the requirements of Section 1129(a), and does

not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests

that is impaired under, and has not accepted, the plan. 11 U.S.C. § 1129(b). The Plan lacks

feasibility on multiple grounds including speculative treatment, lack of adequate treatment,

questionable valuations and possible lack of good faith.

   C.    **The Plan is Speculative.**

   Although the Debtor has taken steps towards providing more safeguards, the substance of

the Plan has not changed. The Plan is not feasible as required under 11 U.S.C. § 1129(a)(11). The

debtor must prove feasibility by a preponderance of the evidence. In re S. Canaan Cellular Invs.,

427 B.R. 44, 60-61 (Bankr. E.D. Pa. 2010). The purpose of the feasibility test is "to prevent

confirmation of visionary schemes which promise creditors and equity holders more under a

proposed plan than the debtor can possibly attain after confirmation." In re Kreider, 2006 Bankr.

LEXIS 2948, 2006 WL 3068834 at *5 (Bankr. E.D. Pa. Sept. 27, 2006). In re Biz As Usual,

LLC, 627 B.R. 122, 130 (Bankr. E.D. Pa. 2021). Courts reject such speculative plans as

feasibility requires reasonable likelihood of success. In re American Capital Equipment, LLC, 688

F.3d 145, 153 (3d Cir. 2012). See also, In re Continental Airlines, 91 F.3d 553, 564 (3d Cir.

1996).

   The Plan still hinges on a refinance but now lists it is to be completed within sixty (60)

days. Still, there is no commitment letter, term sheet, or lender application or other proof that the

Plan has a reasonable likelihood of success. Said information would also be needed for the

adequate information requirement under 11 U.S.C. § 1125(a)(1). Overall, the Plan still lacks

meaningful deadlines, milestones and safeguards which would serve to protect creditors from

budget overruns and mismanagement. Courts have consistently rejected speculative plans that lacked benchmarks for success. In re Clarkson, 767 F.2d at 420. Clarkson also addressed the continuing loss and diminution of the estate as well as absence of a reasonable likelihood of rehabilitation which, in this matter, remains a concern. Id. At best, the Plan is to "wait and see" while taxes continue to accrue and value diminishes. Unfortunately, this places all creditors in a position where they must "hope and pray."

### D.     The Plan Fails to Adequately Protect Creditors.

The Debtor intends to complete a refinance with no adequate protection or assurance or safeguards or clear mechanisms in the event of default of the obligations set forth in the Plan. Without a refinance which is clearly not yet in place, the Plan cannot be adequately funded and is more likely to fail than succeed. Under In re Chadda, "'[i]n determining whether [a plan] is feasible, the bankruptcy court has an obligation to scrutinize the plan carefully to determine whether it offers a reasonable [*15] prospect of success and is workable.' (quoting United Properties, Inc. v. Emporium Department Stores, Inc., 379 F.2d 55, 64 (8th Cir.1967)); 7 Collier on Bankruptcy, P 1129.03[11] (15th ed. rev. 2007). 2007 Bankr. LEXIS 4213, *15. This second attempt by Debtor still leaves us with a mostly open-ended plan. This cannot be considered feasible as it does not protect Anchor nor does it protect other creditors. Therefore, it is not workable.

With respect to feasibility, "[s]incerity, honesty, and willingness are not sufficient to make the plan feasible, and neither are any visionary promises. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts." 9 Collier on Bankruptcy, at 1139. In re Bergman, 585 F.2d 1171, 1179 (2d Cir. 1978). The debtor may sincerely believe in the prospects or likelihood of completing a refinance, then rehabilitating and

selling the properties, but without evidence supporting a reasonable probability of success, it remains a visionary promise.

Even if these issues are resolved, the proposed Plan may not be enough to protect creditors. The Plan states that "[t]axes will be paid in full at time of sale of properties, if not sooner." However, as evidenced by the proof of claims and motions for relief from stay filed in this case, the Debtor has established a pattern of not maintaining taxes and insurance. Taxes should have already been paid with the Debtor maintaining its post-petition obligations. As for 990 Route 523, Readington, NJ 08822, the township's tax website reflects due or open taxes for 2025 including a tax lien (Certification Number: 25-00012) for 2024. The sale amount was $2,390.97 with a sale date of October 21, 2025. In support, a copy of the township website is attached hereto and marked as Exhibit A. It also reflects the date of the last payment received as August 28, 2024.

As for 36 East Grand Avenue, Building D #22, Rahway, NJ 07065, the City of Rahway reflects a total due of $13,022.74 through October 29, 2025. In support, a copy of the Property Tax Inquiry is attached hereto and marked as Exhibit B. The inquiry further lists a pending tax sale in the amount of $6,235.03. (No tax information was available for 289 Amherst Street, East Orange, NJ 07018 at the time of the drafting of this Objection but Anchor reserves the right to present the status at the hearing.)

For 5 Cherryville-Stanton Road, Raritan, NJ 08822, the tax website reflects open taxes for August 1, 2025 with the next payment coming due on November 1, 2025.  In support, please see a copy of the township tax website attached hereto and marked as Exhibit C. With the lack of reasonable feasibility in this Plan, the failure to maintain taxes current is not something that can be overlooked.

The Third Circuit ultimately holds that adequate protection cannot be speculative. *See* Resolution Trust Corp. v. Swedeland Dev. Group (In re Swedeland Dev. Group), 16 F.3d 552. Speculative assurances does not equal adequate protection. Considering past performance, the Plan does not merit the benefit of the doubt. Anchor bears the majority of the risk in the Plan. Therefore, Secured Creditor is not adequately protected as required under 11 U.S.C. §§ 361-363.

### E.    The Fair Market Values Listed in the Plan Require Additional Scrutiny.

Secured Creditor reserves its rights with respect to valuation. As of the date of this Objection, Anchor is determining whether the values listed in the Plan are acceptable. Courts must determine valuation under § 506(a). Associates Commercial Corp. v. Rash, 520 U.S. 953, 962-63 (1997). Debtor lists the fair market value of 5 Cherryville-Stanton Road, Raritan, NJ 08822 at $380,000.00 but Anchor believes the value to be higher. In support, attached hereto and marked as Exhibit D, is a Residential Broker Price Opinion, dated September 19, 2024, listing a value of $640,000.00 (AS IS). As for 36 East Grand Avenue, Building D #22, Rahway, NJ 07065, the Plan lists the fair market value at $310,000.00. However, Anchor has presented an Interior BPO, dated March 11, 2024 and effective March 19, 2024, reflecting a probable sales price of $415,000.00 (90-120 Day Value). In support, the Interior BPO is attached hereto and marked as Exhibit E.

### F.    The Plan Was Not Proposed in Good Faith.

In reality, the proposed treatment is simply still too speculative. It provides little with respect to safeguards for completion of a refinance and then rehabilitation of the properties. The Plan fails to provide sufficient details as to the reasonableness of the proposed treatment as there is no evidence that a refinance is in progress. The Plan fails to provide sufficient adequate protection while waiting for Debtor to refinance, rehabilitate and subsequently sell the properties. The fair market values listed in the Plan may not be accurate and requires additional scrutiny.

Upon information and belief, the Debtor recently attempted to revive a failed or previously rejected refinance proposal which further evidences the Debtor's desire to propose a Plan that would allow the Debtor to reap the rewards and avoid the majority of the risk.

There is also a concern with respect to classification. Classes 1-4 are nearly identical and tied to the same refinance transaction and projected treatment. Under 11 U.S.C. § 1122(a), "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." Under 11 U.S.C. § 1129(a)(10), because the classes are impaired, the Plan can only be confirmed if "at least one class of claims that is impaired under the plan has accepted the plan..." Under In re Greate Bay Hotel & Casino, Inc., the proponent of a Chapter 11 plan has considerable discretion to classify claims and interests but that discretion is tempered by the caveat that a proponent may not classify similar claims differently in order to garner an affirmative vote on a reorganization plan. 251 B.R. 213, 218. While artificial classification may not be the case here since Anchor is not compelled to vote in support of the Plan, it should at least be noted.

Finally, it should also be noted that the Debtor's managing member acting as both manager and disbursing agent without oversight creates significant risk for creditors. To the best of Secured Creditor's knowledge, Debtor's managing member is not a fiduciary which fuels existing concerns regarding budget overruns and mismanagement. Such plan places unilateral control in the hands of the Debtor which may expose all creditors to increased risks especially considering the expected distribution towards general unsecured claims is only 9.34% (approximately). For the reasons stated above, the Plan fails under 11 U.S.C. § 1129(a)(3) as well as other sections under 11 U.S.C. § 1129(a). Therefore, the Plan must be denied and consideration should be given to granting the pending motions for relief.

Persistent delinquencies, unpaid taxes, and speculative refinancing also constitutes "cause"

for conversion under 11 U.S.C. § 1112(b). A Chapter 7 trustee can move promptly towards

liquidation and considering Anchor's willingness to work with parties to complete sales, a

Chapter 7 trustee may actually be Debtor's best option as well as other creditors.

**VI.    CONCLUSION**

For the foregoing reasons, Anchor Loans, LP respectfully requests that this Court enter an

order (i) denying confirmation of the Plan; (ii) granting Anchor such other relief as may be just

and equitable; and (iii) for relief as the Court deems just and proper.

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
Attorneys for Anchor Loans, LP

/s/ R.A. Lebron, Esq.
R.A. LEBRON, ESQ.

DATED: October 30, 2025

cc:    Daniel L. Reinganum - DEBTOR(S)' ATTORNEY
       Jeffrey M. Sponder - OFFICE OF U.S. TRUSTEE